

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2007

# Stiffler v. Equitable Res Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4602

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Stiffler v. Equitable Res Inc" (2007). *2007 Decisions.* Paper 130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4602

JAMES STIFFLER,
                              Appellant
                    v.

EQUITABLE RESOURCES, INC.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 05-cv-01112)
District Judge:  Honorable Terrence F. McVerry

Submitted Under Third Circuit L.A.R. 34.1(a)
November 1, 2007

Before:  RENDELL, WEIS and NYGAARD, Circuit Judges.

(Filed: December 6, 2007)

OPINION

WEIS, Circuit Judge.

Plaintiff was an employee of defendant Equitable Resources, Inc.

("Equitable Resources") until he was discharged on July 12, 2002.  He brought this civil

1

action contending that he was discharged because of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 et seq. He also alleged reverse race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the PHRA. Finally, he asserted a claim for unpaid commissions under Pennsylvania's Wage Payment and Collection Law, 43 Pa. Stat. § 260.1 et seq.

The case was assigned to a Magistrate Judge who prepared a comprehensive report recommending that summary judgment be entered for the defendant on all counts. The District Court adopted the recommendation and entered the judgment.

Plaintiff worked in the sales and marketing department of the Equitable Gas Company, an operating arm of Equitable Resources. Beginning in August 2000, he served as the Energy Technology Coordinator. In February 2002, in accordance with a revised employee evaluation plan instituted by the new CEO of Equitable Resources, plaintiff was given a low "L" rating for his overall performance in the year 2001. He was then placed on a performance improvement plan. The plaintiff's superiors subsequently found that he did not meet the plan's objectives and terminated his employment.

The Magistrate Judge examined the evidence in sufficient detail and we need not reiterate that extensive analysis. We conclude essentially for the reasons stated in the report that the entry of summary judgment on the age and reverse race discrimination claims was correct. We also agree that the plaintiff failed to establish a claim for unpaid commissions.

2

Accordingly, the judgment of the District Court will be affirmed.